IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03164–MSK–KMT

CARRIE MATLOCK,

     Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
CROTHALL HEALTHCARE, INC.,
JONATHAN PORZONDEK, and
GIOVANNI LORIA,

     Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Motion for Protective Order to Stay Discovery and Stay All Proceedings Pending Plaintiff's Receipt of Right to Sue Notice from CCRD." (Doc. No. 26, filed May 21, 2013.)  Plaintiff's Response was filed on May 31, 2013 (Doc. No. 32) and Defendants' Reply was filed on June 14, 2013 (Doc. No. 33).  The court also considers herein Plaintiff's "Unopposed Motion to Modify the Scheduling Order to Extend the Deadline to Disclose Experts."  (Doc. No. 34, filed July 12, 2013.)  For the following reasons, Defendants's Motion to Stay is GRANTED and Plaintiff's Motion to Modify the Scheduling Order is DENIED as moot.

# PROCEDURAL BACKGROUND

In her Complaint (Doc. No. 4), filed December 5, 2012, Plaintiff asserts claims for violations of the Fair Labor Standards Act (FLSA) and the Family and Medical Leave Act (FMLA).  Plaintiff also believes that Defendants violated the Colorado Anti-Discrimination Act (CADA) by discriminating against Plaintiff based on her sex, disability and age, and by retaliating against Plaintiff for engaging in protected activity.  In order to assert claims under CADA in court, however, a plaintiff must first exhaust administrative remedies, which requires that the plaintiff receive a right-to-sue notice from the CCRD.  Colo. Rev. Stat. § 24-34-306(14)-(15); *see also City of Colo. Springs v. Conners,* 993 P.2d 1167, 1169 n.3 (Colo. 2000).  Thus, on March 7, 2013, Plaintiff filed a charge with the Colorado Civil Rights Division (CCRD) based on Defendants' alleged violations of CADA.

CADA further provides that

> The [CCRD] shall promptly grant a claimant's request for notice of right to sue made after the expiration of one hundred eighty days following the filing of the charge.  If a claimant makes a request for a notice of right to sue prior to the expiration of one hundred eighty days following the filing of the charge, the division shall grant the request upon a determination that the investigation of the charge will not be completed within one hundred eighty days following the filing of the charge.

Colo Rev. Stat. § 24-34-306(15).  Thus, the CCRD is not required to issue a right-to-sue notice until 180 days from March 7, 2013, or September 3, 2013.

On April 29, 2013, Plaintiff filed a Motion to Modify the Scheduling Order (Doc. No. 19) seeking to extend the Scheduling Order's deadline for amending the pleadings (*See* Doc. No. 17, ¶ 9.a.)  More specifically, Plaintiff argued that she could not reasonably comply with the May 1,

2013 deadline to amend the pleadings because the CCRD is not required to issue a right-to-sue

notice until September 3, 2013, several months after deadline for amending the pleadings.

On May 9, 2013, the court denied Plaintiff's Motion to Modify the Scheduling Order

without prejudice.  (Minute Order, Doc. No. 25.)  The court found that the better practice would

be for Plaintiff to seek to extend the deadline for amending the pleadings *after* she receives her

right-to-sue notice from the CCRD—either contemporaneously with, or as part of, a motion to

amend the complaint under Fed. R. Civ. P. 15(a).  (*Id.*)

Defendants' present Motion seeks to stay discovery and all proceedings in this action

until Plaintiff (1) receives a right-to-sue notice from the CCRD and (2) moves to amend her

Complaint to assert state law discrimination claims.  Plaintiff opposes Defendants' request for a

stay.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–CV–01934–LTB–PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26

does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective
> order in the court where the action is pending . . . .  The court may, for good
> cause, issue an order to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance."

*Landis v. N. Am. Co.,* 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United

States,* 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of

this court's discretion.  *Id.*  When considering a stay of discovery, this court has considered the

following factors: (1) the plaintiff's interest in proceeding expeditiously with the civil action and

the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil litigation; and (4) the

public interest.  *String Cheese Incident,* 2006 WL 894955, at *2.

　　　As a threshold matter, the court disagrees with Plaintiff's contention that the court has

already rule on this issue in its May 9, 2013 Minute Order.  (Resp. at 7-8.)  In that order, the

court merely declined to extend the deadline for amending the pleadings because the better

practice would be for Plaintiff to move to amend the Scheduling Order if and when she receives

her right-to-sue notice from the CCRD.  The court did not opine on the propriety of staying the

case until Plaintiff receives a right-to-sue notice from the CCRD.

　　　Otherwise, the court agrees with Defendants that the Tenth Circuit has recognized the

propriety of a stay under the circumstances presented in this case.  *See Wilkes v. Wyoming

Department of Employment Division of Labor Standards,* 314 F.3d 501, 506 (10th Cir. 2002).  In

*Wilkes,* the plaintiff argued that the district court improperly dismissed her claims for violations

of Title VII on claim preclusion grounds.  *Id.* at 503.  More specifically, the plaintiff argued that

because she had not yet received a right-to-sue letter from the EEOC, she was statutorily

4

prohibited from raising her Title VII claims in her first lawsuit and, therefore, should not be barred from raising those claims in a subsequent lawsuit. *Id.* In rejecting this argument, the *Wilkes* court held that, to avoid claim preclusion, the plaintiff "could have filed her [initial lawsuit] . . . and then *sought a stay* in the district court until completion of the EEOC administrative process. After receiving her right-to-sue letter, Wilkes could have added her Title VII claim to her initial lawsuit by amending her complaint pursuant to Federal Rule of Civil Procedure 15." *Id.* at 506.

Here, of course, Plaintiff is presently unable to bring state law discrimination claims, rather than federal discriminations claim under Title VII, because she has not exhausted her administrative remedies. Nevertheless, the court sees no reason why the *Wilkes* court's analysis would not apply with equal force to claims under CADA.

Turning to the *String Cheese* factors, the court acknowledges that, as a general matter, Plaintiff has an interest in proceeding expeditiously with her claims. However, this interest is undercut by the fact that Plaintiff concedes that she cannot currently proceed on several state law claims that she will ultimately seek to introduce into this action.

As to the second factor, the court finds that Defendant would face undue burden and expense if forced to proceed with discovery as to Plaintiff's existing claims, only to have discovery extended or reopened if and when Plaintiff is allowed amend her complaint to assert her putative CADA claims.

The court acknowledges Plaintiff's belief that this burden could be mitigated if Defendants would simply agree to conduct discovery on these claims before they are added to

this lawsuit.  *See, e.g., White v. Home Depot U.S.A., Inc.,* 05-cv-00683-PSF-MJW, 2006 WL

2226198, at *2 (D. Colo. Aug. 3, 2006) (denying a motion to stay proceedings where the

defendant agreed to allow the plaintiff to amend his complaint to assert a Title VII claim when

he received his right-to-sue letter and agreed to conduct discovery relevant to that claim before it

was "officially added"); *Mallory v. Noble Corr. Inst.,* 45 F. App'x 463, 468 (6th Cir. 2002)

(Although a defendant may object to such discovery, "[a] right-to-sue letter does not affect

counsel's ability to *initiate* discovery.") (emphasis in original).  However, it is clear that

Defendants will likely oppose a motion to amend her complaint to add the putative CADA

claims because they believe that Plaintiff was not diligent in pursuing her administrative

remedies.  While the court declines to foreshadow a ruling on Plaintiff's putative motion to

amend, it cannot say that Defendants are being unreasonable in declining to conduct discovery

on the CADA claims at this time.  Indeed, if the court were to agree with Defendants that

Plaintiff was not diligent in pursuing her administrative remedies, and reject her CADA claims,

any agreed-upon discovery into those claims would prove to be a waste of both parties' time and

resources.

For similar reasons, the court's convenience favors staying this action until Plaintiff

receives her right-to-sue notice.  Neither the court's or the parties' interests would be well-served

by proceeding with discovery on Plaintiff's existing claims, full well knowing that several

additional claims may be added to this action.  Rather, the court finds that the best approach is to

postpone discovery until all of the claims that may be asserted in this action are ripe.  Finally, the

court finds that the interests of non-parties and the public do not favor a different result. Altogether, on balance, the court finds that temporary stay of this case is appropriate.

Therefore, for the foregoing reasons, it is

ORDERED that Defendants' "Motion for Protective Order to Stay Discovery and Stay All Proceedings Pending Plaintiff's Receipt of Right to Sue Notice from CCRD" (Doc. No. 26) is GRANTED.  Discovery in this action is STAYED until further order of the court and all outstanding Scheduling Order deadlines are VACATED.  Within either (1) 14 days after receipt of the CCRD right-to-sue notice or (2) September 30, 2013, whichever is earlier, Plaintiff shall file either (1) a motion to amend the complaint or (2) a Joint Status Report (with Defendants) advising the court as to the status of the CCRD proceedings and whether the stay of this action should be lifted.  It is further

ORDERED that Plaintiff's "Unopposed Motion to Modify the Scheduling Order to Extend the Deadline to Disclose Experts" (Doc. No. 34) is DENIED as moot.

Dated this 31st day of July, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge