IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03164–MSK–KMT

CARRIE MATLOCK,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
CROTHALL HEALTHCARE, INC.,
JONATHAN PORZONDEK, and
GIOVANNI LORIA,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Motion for Leave to File First Amended Complaint." (Doc. No. 37, filed Sept. 27, 2013.) Defendants filed a response on October 18, 2013 (Doc. No. 39) and Plaintiff filed her reply on October 30, 2013 (Doc. No. 40). For the following reasons, Plaintiff's Motion to Amend is GRANTED and the stay of discovery is LIFTED.

Plaintiff seeks leave to file a First Amended Complaint (Doc. No. 37-1 ["FAC"]) that includes several additional claims pursuant to the Colorado Anti-Discrimination Act (CADA). On July 31, 2013, the court stayed all discovery in this action and vacated all outstanding Scheduling Order deadlines in order to allow Plaintiff to exhaust administrative remedies with respect to her CADA claims, which arise out of the same circumstances as her existing claims.

(*See* Order, Doc. No. 36 [Order Staying Disc.])  Plaintiff has now received a Notice of Right to Sue letter from the CCRD (Mot., Ex. A), and therefore maintains that her CADA claims are now properly included in this action.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).[1]

---

[1] The deadline for joinder of parties and amendment of pleadings was set for May 1, 2013.  (*See* Scheduling Order, Doc. No. 17 at 8.)  This deadline was *not* vacated by the court's order staying discovery because it was not an *outstanding* Scheduling Order at the time that order was filed. (*See* Order Staying Disc. at 7.)  Nevertheless, neither party has addressed whether Plaintiff has shown good cause to amend this scheduling order deadline, pursuant to Fed. R. Civ. P. 16(b)(4). Because the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders," *United States ex rel. Ritchie v. Lockheed Martin Corp.,* 558 F.3d 1161, 1166 (10th Cir. 2009), the court declines to raise the issue *sua sponte.*

Defendants first argue that Plaintiff has "unduly delayed these proceedings by waiting over six months [after her termination] to file her CCRD charge." (Resp. at 2.) However, the court agrees with Plaintiff that the proper inquiry is not whether the case has been or might be delayed by the proposed amendment, but instead whether the moving party delayed in seeking the amendment after it becomes ripe for assertion.[2] *Fognani & Assocs., PLLC v. Metropolitan Area Networks,* No. 10-cv-00370-PAB-KMT, 2010 WL 3885206, at *2 (D. Colo. Sept. 30, 2010) ("Undue delay . . . is delay in seeking an amendment, not the delay that would result from an amendment . . . ."); *Minter v. Prime Equip. Co.,* 451 F.3d 1196 (10th Cir. 2006) ('[a] party who delays in *seeking an amendment* . . . runs the risk of the court denying permission because of the passage of time.") (emphasis added); *cf. Las Vegas Ice & Cold Storage Co. v. Far West Bank.,* 893 F.3d 1182, 1185 (10th Cir. 1987) (a motion to amend is subject to denial where "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."). Here, Plaintiff filed her Motion to Amend one week after she received her Notice of Right to Sue from the CCRD. As such, the court finds that Plaintiff's proposed CADA claims are not unduly delayed.

Defendants also argue that Plaintiff's proposed CADA claims are futile. The court may deny leave to amend if the proposed amendments fail to state a plausible claim for relief under Rule 12(b)(6). *See Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859

---

[2] Other mechanisms are in place to prevent an employment-discrimination plaintiff from delaying her pursuit of administrative remedies. Colo. Rev. Stat. § 24-34-403 (to bring a CADA claim, a plaintiff must have filed a charge with the CCRD within six months after the unfair or discriminatory employment action). Defendants do not dispute that Plaintiff filed her charge with the CCRD within six months after the alleged discriminatory employment action.

(10th Cir. 1999) (citations omitted); *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). However, the court declines to do so here.  First, Defendants do not maintain that they will face any—let alone undue—prejudice if Plaintiff's proposed amendments are permitted.  *See Stender v. Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Minter,* 451 F.3d at 1207) (Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend and, in its absence, an opposition to a motion to amend is "grievously weakened").

Second, and more importantly, the court finds that Defendants' argument that Plaintiff's CADA claims for gender, age, and disability discrimination are futile is underdeveloped. Defendants clearly have addressed only a portion of Plaintiff's allegations (*see* Resp. at 6 (addressing only the allegations found on pages 6-10 of the proposed FAC)), and either overlooked or disregarded a significant number of factual allegations that relate to Plaintiff's proposed CADA claims (FAC at 3-5).  When these additional factual allegations are considered, it is far from clear that Plaintiff's proposed discrimination claims fail to state a claim for relief. Finally, in order to avoid piecemeal consideration of Defendants' dismissal arguments and to preserve judicial economy, the court will defer consideration of Defendants' remaining futility arguments until if and when Defendants file an appropriate dispositive motion.

Therefore, it is

ORDERED that "Plaintiff's Motion for Leave to File First Amended Complaint" (Doc. No. 37) is GRANTED.  The Clerk of Court is directed to file Plaintiff's First Amended Complaint (Doc. No. 37-1).  It is further

ORDERED that the stay of discovery entered in this case on July 31, 2013 is LIFTED. The parties shall submit a Joint Status Report proposing dates for any outstanding scheduling deadlines no later than December 13, 2013.

Dated this 25th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge